[Cite as *State v. Harvey*, 2018-Ohio-61.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 17AP-673 |
| | | (C.P.C. No. 11CR-4353) |
| Charles J. Harvey, Jr., | : | |
| | | **(ACCELERATED CALENDAR)** |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on January 9, 2018

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *Robert D. Essex*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Charles J. Harvey, Jr., is appealing from the sentence he received as a result of his failure to support his child. He assigns a single error for our consideration:

> The trial court erred in failing to hold a hearing to determine if appellant should have been awarded jail time credit for time spent at Alvis House.

{¶ 2} Harvey was indicted on August 17, 2011 after failing to support his child for years—specifically July 2009 to July 2011. He eventually entered a guilty plea and was sentenced. The trial court judge suspended his sentence and placed him on community control. About one year after sentencing, he was declared an absconder.

{¶ 3} The trial court judge restored Harvey to community control, but added a condition that Harvey enter and successfully complete Alvis House Work Release Program.

{¶ 4} Harvey absconded again and was not arrested for over two years. His statement of violation was an extensive list and included a conviction. The trial court judge assigned to the case awarded Harvey jail-time credit of 110 days for time he was clearly incarcerated. His counsel asked for an additional 82 days for the time Harvey allegedly spent in the Alvis House program. The judge did not give the additional days of jail-time credit because the judge did not believe that Harvey's movement was sufficiently restricted to allow it to be considered jail-time credit.

{¶ 5} This appeal centers on the time spent in the program at Alvis House. The assignment of error complains that Harvey did not get a hearing on the issue of the additional jail-time credit. In fact, the trial court judge did conduct a hearing on the issue of whether Harvey's community control should be revoked. The judge believed that the Alvis House program had not been demonstrated to be sufficiently restrictive to qualify Harvey's time in the program for jail-time credit. We cannot say the trial court judge was wrong, given the record before us.

{¶ 6} As a result, we overrule the sole assignment of error. We affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____